## William Childers et al., Appellees, v. Chicago & Alton Railway Company, Appellant.

COMMON CARRIERS—*burden of proof to establish assent of shipper to limitations upon liability.* The burden of proof is upon the carrier to show that a contract of shipment was signed by the shipper with full knowledge of the conditions and terms expressed in the contract which limited the liability of the carrier.

Appeal from the Circuit Court of Sangamon county; the HON. J. B. WEAVER, Judge, presiding. Heard in this court at the October term, 1911. Affirmed on remittitur. Opinion filed December 13, 1911.

PATTON & PATTON, for appellant; SILAS H. STRAWN, of counsel.

SMITH & FRIEDMEYER, for appellees.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

This is an action brought by plaintiffs against defendant to recover damages alleged to have been occasioned to a carload of horses shipped by plaintiffs from Peoria to Springfield over defendant's railroad. Plaintiffs recovered a judgment against defendant for $300, from which this appeal is prosecuted.

The evidence discloses that plaintiffs were dealers in horses at Springfield, Illinois, that they purchased a carload of horses in Peoria from the Peoria Livestock Company. One Clark, a horseman in Peoria, loaded the horses for plaintiffs and delivered them to the defendant for shipment. He signed plaintiffs' name to the shipping contract as their agent. He had made a great many shipments of horses over railroads, and was familiar with the contracts usually signed for such

purpose. The horses were shipped from Peoria on November 18, 1909, at about nine o'clock p. m. and arrived in Springfield on the following morning at about five o'clock and were unloaded at a stock pen in Springfield at about eleven o'clock on the morning of the 19th. When the cars were unloaded plaintiffs discovered that some of the horses had been bruised and were otherwise injured. They called the attention of the agent of the defendant at Springfield to this fact, and under his direction prepared and presented to him for forwarding to the proper department a claim for the damages alleged to have been occasioned to these animals. The amount of this claim as then presented was $205. Defendant failed to make settlement as demanded, and this action is the result.

The charge of negligence in the declaration is improper, rough and negligent management in the handling of the train in which this car was shipped between Peoria and Springfield. The horses showed more or less rough usage on the trip. There is no direct evidence in the record showing any unusual handling or movement of the train; the evidence does show, however, that the door of the car in which the horses were shipped was by some means broken off; this was first noticed by men in charge of a train following the one in which this car was while the trains were at a station known as San Jose. The evidence further discloses that on one end of the car several boards were broken and other indications of rough handling of the car were shown. It is insisted by defendant, however, that the car door was broken off by reason of the vicious propensities of the horses in the car, that they were not tied and it was possible for them to have moved about in the car from one place to another, and that the horses became vicious, kicked, fought and bit each other, and that the car door was kicked off by the horses. There is no direct evidence of how the car door was broken off, and these facts were

submitted to the jury and it was their province to determine whether or not from the evidence disclosed the horses were injured by negligent management and control of the car or from their own vicious dispositions. Upon this question they have determined these facts against the contention of the defendant.

There is no dispute in the record as to the amount of damage occasioned to the horses, and plaintiffs admit that the jury were not warranted in finding a verdict in excess of $275, and they now offer to remit $25 from this judgment and authorize this court to enter a *remittitur*. The amount of plaintiffs' original claim having been made immediately on receipt of the horses before the full extent of the injuries to the horses had been ascertained and the proof not only showing damages in excess of that amount but that two other horses were injured, the plaintiffs are not limited in their recovery to the amount first claimed.

Defendant insists that by reason of the contract signed by plaintiffs by their agent, Clark, the liability for damage to these horses was limited to gross, wilful or wanton negligence on the part of the defendant, and that by reason thereof a less rate was granted on the shipment than would have been granted under the usual published rates of the defendant. It also insists that in the shipping contract the value of each animal is limited to $100, and the value of the horses shown by the evidence ranges from $135 to $275 each, that even if a recovery can be had the judgment should be reduced to the proportion which each horse valued at $100 would sustain to the value of each horse injured at the value proven. It has been repeatedly held by the courts of this state that where a contract of shipment is signed by the shipper upon presentation by the railroad company the burden of proof is upon the defendant to show that the contract was signed with a full knowledge of the conditions and terms expressed in the contract which limit the liability of the defend-

ant, and we cannot say upon this record that the jury were not warranted in finding that neither plaintiffs nor their agent, Clark, were informed or had any knowledge of the conditions limiting the liability of the defendant, either as to negligence, value of the horses or the rate charged, as expressed in this contract. The statute prohibits limiting of the common law liability of a railroad company in the shipment of stock or freight except upon a specific contract entered into and signed by the shipper, and we are not prepared to say that the jury were not warranted in finding that the shipper did not assent to or know the conditions contained in the contract.

It being conceded by plaintiffs that the judgment of the trial court is for $25 in excess of the amount of damages proven and the defendant having been compelled to appeal to this court, where the plaintiffs authorize a *remittitur* of $25 on the judgment rendered, plaintiffs will be required to pay the costs of this appeal, and judgment will be entered in this court for $275 against defendant.

Judgment affirmed for $275; plaintiffs to pay costs of appeal.

*Affirmed on remittitur.*